UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

YVETTE BARBARA BALDWIN, )
)
                Plaintiff, )
)
     vs. )     1:11-cv-1513-WTL-MJD
)
MARSHALL & ILSLEY FINANCIAL )
  CORP., )
)
                Defendant. )

**Entry and Order Dismissing Action**

**I.**

The plaintiff's request to proceed *in forma pauperis* (dkt 2) is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

**II.**

*Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). As explained below, however, the complaint lacks an arguable basis in fact and in law. The complaint fails to invoke the limited jurisdiction of this court. The complaint is frivolous as that term is used in 28 U.S.C. § 1915(e)(2)(B) and the action must therefore be dismissed.

Plaintiff Yvette Barbara Baldwin ("Ms. Baldwin") alleges that defendant Marshall & Ilsley Financial Corporation ("M&I Bank"), located in Indianapolis, Indiana, conspired to murder her. Baldwin learned of the murder plot through "hearsay statements circulating throughout the general community for several years" and "gossip." Baldwin seeks "a legal investigation, equitable remedy, relief, and immediate redress of grievances." She also seeks a loan in the amount of $550,000.00 from a local Hamilton County, Ohio, bank.

Attached to the complaint is a document labeled "affidavit by royal public official," which Ms. Baldwin states is necessary to commence her complaint. Ms. Baldwin states that she is the Queen of Israel and has accepted the thrones of Israel and Greece. Walter Cronkite interviewed her as the "Greek Royal Queen" in the early to mid-1960's. Ms. Baldwin states that she was awarded an Oscar/Emmy for that interview. While in Elementary School, Ms. Baldwin was presented with an award; a check for $1.6 Billion Dollars. She claims that this can be verified by Forbes Magazine. After receiving more than a billion dollars, the young Ms. Baldwin was taken to the Cincinnati Bar Association to read royal edicts and a copy of those edicts was later placed on the front office counter of her high school. Ms. Baldwin explains that although she has contacted various people and organizations, the assets she was awarded as a young child (including more than a billion dollars) can no longer be found or do not exist. Various historical references that listed her as a Royal Queen have "been written/blocked out of history." Ms. Baldwin states that the assaults on her life began after she attempted to access her financial account with M&I Bank. Specifically, "serious criminal attempts against my physical wellbeing/life have occurred when I have walked to and from the bus routes for transportation, I have been almost run offer [sic] by drivers that spot me walking and directly aim their vehicles right at me stepping on the accelerator to run me down. I have barely escaped critical injury/death several times." In addition, while attending a show at Newport on the Levy, a patron yelled out to her "that Marshall & Ilsley Financial Corporation, et al," had a "hit man waiting for" her in the lobby.

The Seventh Circuit adheres to the substantiality doctrine expressed by Judge Flaum in *Ricketts v. Midwest National Bank,* 874 F.2d 1177 (7th Cir. 1989). This means that a claim must have a minimum plausibility to support jurisdiction, *Dozier v. Loop College, City of Chicago,* 776 F.2d 752, 753 (7th Cir. 1985), and is based on the recognition that "[t]he Supreme Court has frequently said that a suit which is frivolous does not invoke the jurisdiction of the federal courts. . . ." *Crowley Cutlery Company v. United States,* 849 F.2d 273 (7th Cir. 1988). Thus, a complaint that is wholly insubstantial does not invoke the district court's subject-matter jurisdiction. When it becomes clear that a suit filed *in forma pauperis* is irrational or delusional, the district court is required to dismiss it. *Ezike v. National R.R. Passenger Corp.*, 2009 WL 247838, 3 (7th Cir. 2009). That is the case here, and hence this case is frivolous and deserves no further judicial time.[1] *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they=re unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity.").

---

[1] An action based on similar allegations was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) by the United States District Court for the Southern District of Ohio in *Yvette Barbara Baldwin v. Cincinnati Bar Assoc.,* No. 1:11-cv-71-MRB-SKB (S.D.Ohio March 14, 2011). An action which appears to substantially duplicate the claims alleged in this action was also filed in the Southern District of Ohio on November 14, 2011, and has been docketed as No. 1:11-cv-804-HJW-KLL.

## III.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). Because the complaint in this instance is frivolous, the action must be dismissed.

Judgment dismissing the action for lack of jurisdiction shall now issue.

**IT IS SO ORDERED.**

Date: 11/23/2011

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana